# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PRINCE KWADWO SARFO,

      Petitioner,

vs.                                                      No. CIV 11-1113 JB/GBW

RAY TERRY, Warden,

      Respondent.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

**THIS MATTER** comes before the Court on the Government's Motion to Dismiss Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed January 31, 2012 (Doc. 10)("Motion").[1] As grounds for the motion, the United States of America states that Petitioner Prince Kwadwo Sarfo was released from custody and removed to Ghana on January 23, 2012, and that, therefore, his Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed December 19, 2011 (Doc. 1)("Petition"), is moot. See Motion at 1-2. After careful consideration of the pertinent law and pleadings, the Court concludes that it should grant the United States' Motion and dismiss the case without prejudice.

On December 19, 2011, Sarfo filed his Petition, alleging, in part, that he is being detained unlawfully and in violation of his due process rights. See Petition at 7-8. By order entered on December 22, 2011, the Honorable Gregory B. Wormuth, United States Magistrate Judge, substituted Ray Terry, Warden, as the sole Respondent in this proceeding and ordered an answer. See Order, filed December 22, 2011 (Doc. 5). On January 31, 2012, the United States filed its

---

[1] The Court notes that Ray Terry is the Respondent in this proceeding and reviews the motion as if the named Respondent properly filed it.

motion to dismiss.  See Motion at 1.

The Court has jurisdiction over this § 2241 petition because Sarfo was confined in New Mexico at the time he filed the Petition.  See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004); United States v. Scott, 803 F.2d 1095, 1096 (10th Cir. 1986)("A § 2241 petition for a writ of habeas corpus must be addressed to the federal district court in the district where the prisoner is confined.").  Sarfo was recently released from custody and removed to Ghana.  See Motion at 1.  While release from custody does not automatically moot Sarfo's petition, the petition will survive only if he meets one of the exceptions to the mootness doctrine.  See Riley v. INS, 310 F.3d 1253, 1257 (10th Cir. 2002).

As the United States Court of Appeals for the Tenth Circuit explained in Riley v. INS:

> [T]hat [Petitioner] is no longer in custody does not automatically moot [Petitioner]'s petition because he was in custody at the time of filing.  Our inquiry then becomes whether [Petitioner] meets one of the exceptions to the mootness doctrine.  We will not dismiss a petition as moot if "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit."
>
>   We are somewhat concerned about the circumstances surrounding [Petitioner]'s release and the potential for the INS to resume [Petitioner]'s detention.  However, while arguably the narrow exception of voluntary cessation may be applicable, the record provides inadequate development and support of this issue.  Therefore, based on the record in front of us, we hold that [Petitioner]'s release from detention moots his challenge to the legality of his extended detention.

310 F.3d at 1256-57 (citations omitted).  The Court knows of no reason why any of the exceptions to the mootness doctrine apply.  Thus, the Court determines that Sarfo's release from detention moots his challenge to the legality of his extended detention.  See Ortiz-Soledo v. Terry, No. 10-0210, Order Dismissing Petition as Moot, filed May 18, 2010 (Doc. 12)(D.N.M.)(Herrera, J.)(listing pertinent cases).  Having found good grounds for granting the relief requested in the United States' Motion, the Court will grant the Motion and dismiss the Petition without prejudice.

**IT IS ORDERED** that: (i) the Government's Motion to Dismiss Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed January 31, 2012 (Doc. 10), is granted; (ii) Petitioner Prince Kwadwo Sarfo's Petition for a Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241 (Doc. 1) is dismissed without prejudice as moot; and (iii) this proceeding is dismissed.

                                                                _____
                                                                UNITED STATES DISTRICT JUDGE

*Parties and Counsel:*

Prince Kwadwo Sarfo
Otero Processing Center
Chaparral, New Mexico

      *Plaintiff pro se*

Kenneth J. Gonzales
  United States Attorney
Bill Pflugrath
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the United States of America*